GARY A. BROWER
United States Attorney
BRIAN J. QUARLES
Assistant United States Attorney
333 Las Vegas Blvd. South, Ste. 5000
Las Vegas, Nevada 89101
(702) 388-5087 / Fax: (702) 388-6336

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:07-cv-1510-PMP |
| Plaintiff, | 2:06-CR-037-PMP-(PAL) |
| vs. | **GOVERNMENT'S APPLICATION FOR ORDER DEEMING ATTORNEY CLIENT PRIVILEGE WAIVED** |
| GIOVANNI PALACIOS, | |
| Defendant. | |

COMES NOW the United States of America, by and through GARY A. BROWER, United States Attorney, and BRIAN J. QUARLES, Assistant United States Attorney, and respectfully requests this court to enter an order waiving the attorney-client privilege in 2:06-CR-037-PMP-(PAL).

This order is sought for the following reasons:

1.      The defendant, GIOVANNI PALACIOS, has filed a motion pursuant to 28 U.S.C. §2255 to vacate, set aside or correct sentence by a person in federal custody.

2.      The defendant's Section 2255 Petition has raised certain allegations of "ineffective assistance" of defense counsel.

3.      Access to information from the defendant's former defense counsel, Mr. Gary L. Myers, is necessary in order to appropriately respond to the allegations contained within defendant's Section 2255 petition.

. . .

. . .

4. The Government requests this Court to issue an order wherein it is deemed that the attorney-client privilege in 2:06-CR-037-PMP-(PAL) is deemed waived for the purposes of this proceeding as to all contentions raised in the defendant's Section 2255 petition, and all materials and information related thereto be ordered divulged to the government.

5. The Government has previously requested that it be allowed up to and including February 25, 2008, within which to file its response to the defendant's Section 2255 petition.

6. The Government needs this information as expeditiously as possible in order to be able to file its response to the defendant's Section 2255 petition.

"It has long been the rule in the federal courts that, where a habeas petitioner raises a claim of ineffective assistance of counsel, he waives the attorney-client privilege as to all communications with his allegedly ineffective lawyer." Bittaker v. Woodford 331 F.3d 715, 716-717 (9th Cir. 2003); See, e.g., Wharton v. Calderon, 127 F.3d 1201, 1203 (9th Cir.1997); Tasby v. United States, 504 F.2d 332, 336 (8th Cir.1974); Laughner v. United States, 373 F.2d 326, 327 (5th Cir.1967)

The voluntary disclosure by defendant of privileged attorney communications with Mr. Myers "constitutes waiver of the privilege as to all other such communications on the same subject." Weil v. Investment/Indicators, Research & Management, 647 F.2d 18, 24 (9th Cir. 1981); Clady v. County of Los Angeles, 770 F.2d 1421, 1433 (9th Cir. 1985).

> Even when a party does not explicitly disclose the content of an attorney-client communication, he may waive the privilege implicitly. A person cannot always claim that he relied on counsel, while protecting what was said between them from disclosure. As we have said: "The privilege which protects attorney-client communications may not be used both as a sword and a shield. Where a party raises a claim which in fairness requires disclosure of the protected communication, the privilege may be implicitly waived." (Citations omitted.)

United States v. Ortland, 109 F.3d 539, 543 (9th Cir. 1997).

. . .

**WHEREFORE,** based on the foregoing, it is respectfully requested that the attorney-client privilege in 2:06-CR-037-PMP(PAL) be deemed waived as to those matters the defendant put at issue in his Section 2255 Petition, and that Mr. Myers forthwith provide the government with an affidavit, as well as all materials and information, addressing the allegations matters raised in the defendant's Section 2255 petition.

**DATED** this 21st day of February 2008.

                Respectfully submitted,

                GARY A. BROWER
                United States Attorney

                /s/
                BRIAN J. QUARLES
                Assistant United States Attorney

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

-oOo-

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:07-cv-1510-PMP |
| | ) | 2:06-CR-037-PMP-(PAL) |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| GIOVANNI PALACIOS, | ) | |
| Defendant. | ) | |

Based upon the pending application of the Government, and good cause appearing,

**IT IS THEREFORE ORDERED** that the attorney-client privilege in 2:06-CR-037-PMP-(PAL) shall be deemed waived, and that defense counsel GARY MYERS, shall forthwith provide the Government with affidavits containing all materials and information relating to matters put at issue in the defendant's Section 2255 petition.

DATED this 22nd day of February, 2008.

_____
UNITED STATES DISTRICT JUDGE

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

-oOo-

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br> vs.<br><br>GIOVANNI PALACIOS,<br><br>        Defendant. | 2:07-cv-1510-PMP<br>2:06-CR-037-PMP-(PAL)<br><br>CERTIFICATE OF SERVICE |

The undersigned hereby certifies that she is an employee in the office of the United States Attorney for the District of Nevada and is a person of such age and discretion as to be competent to serve papers.

That on February 21, 2008, she served a copy of the attached **GOVERNMENT'S MOTION FOR CONTINUANCE,** by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at 333 Las Vegas Boulevard South, Suite 5000, Las Vegas, Nevada 89101-0030.

Addressee:

Giovani Palacios
#40685-048
CCA Florence Correctional Center
P.O. Box 6900
Florence, Arizona 85232

                                               /s/
                                     Melissa Taylor